ALASKA SALMON CO. v. TERRITORY OF ALASKA. *

(Circuit Court of Appeals, Ninth Circuit.  September 5, 1916.)

No. 2720.

1. APPEAL AND ERROR ⬳173(1)—REVIEW—MATTERS PRESENTED FOR REVIEW.
A defense not regarded by the trial court or included in the agreed statement of facts cannot be considered on defendant's appeal.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079, 1093; Dec. Dig. ⬳173(1).]

2. STATUTES ⬳161(1)—REPEAL—EFFECT.
A subsequent statute dealing with the same subject takes effect and supersedes an earlier one.
[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 230, 233, 234; Dec. Dig. ⬳161(1).]

3. LICENSES ⬳7(1)—STATUTES—LICENSE TAXES.
Act Alaska May 1, 1913 (Laws 1913, c. 52), entitled "An act to establish a system of taxation and to create revenue and provide for collection thereof, "which imposes license taxes upon fisheries including salmon canneries, as well as Act April 29, 1915 (Laws 1915, c. 76), amending the former statute and imposing other license taxes, including taxes on fish traps and gill nets, are valid.
[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 7, 19; Dec. Dig. ⬳7(1).]

In Error to, and Appeal from, the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Action by the Territory of Alaska against the Alaska Salmon Company, a corporation. There was a judgment for plaintiff, and defendant brings error, and appeals. Affirmed.

Z. R. Cheney, of Juneau, Alaska, Warren Gregory, of San Francisco, Cal., and E. S. McCord and W. H. Bogle, both of Seattle, Wash., for plaintiff in error and appellant.

J. H. Cobb, Chief Counsel for the Territory of Alaska, of Juneau, Alaska, for defendant in error and appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This case was submitted to the District Court of the Territory of Alaska, Division No. 1, upon an agreed statement of facts, and thereafter judgment was given in favor of the territory, and from such judgment writ of error has been prosecuted.

It appears that the Alaska Salmon Company is engaged in the business of annually operating a salmon cannery and manufacturing canned salmon in Alaska; that during the year 1915 it also maintained and operated at its cannery gill nets; that since the Act of Congress of June 26, 1906 (chapter 3547, 34 Stat. 478), the plaintiff in error has paid the license taxes on its business and output as therein provided, and has complied with all the provisions of chapter 3 of title 7, of the Compiled Laws of Alaska relating to fish and fisheries; that the Legislature of Alaska, by an act approved May

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied October 9, 1916.

1, 1913 (Laws 1913, c. 52), and by another act approved April 29, 1915 (Laws 1915, c. 76), imposed licenses and taxes.

The questions presented by the brief of appellant may be stated as follows: (1) The plaintiff in error having complied with all the conditions and paid the license fees imposed by the acts of Congress, is it obliged to apply for a license and pay the license fees and taxes imposed by the act of the Legislature of Alaska approved May 1, 1913? (2) Plaintiff in error having complied with all the conditions and paid the license fees imposed by the act of Congress just hereinbefore referred to, is it obliged to apply for a license and pay the license fees and taxes imposed by the act of the Legislature of Alaska approved April 29, 1915? (3) Is the plaintiff in error, as the owner of a private salmon hatchery, and also engaged in the business of canning salmon in Alaska, by virtue of certificates issued to it by the Secretary of Commerce and Labor for salmon fry liberated from its hatcheries, entitled by virtue of such certificates to have the same applied pro tanto in payment of all license fees and charges not only imposed by the act of Congress referred to, but also by the acts of the Legislature of Alaska?

[1] We need not pass upon the last question, because the agreed statement of facts gives no information upon the matter, nor was it regarded by the lower court as involved in the case.

[2, 3] The act of the Legislature of the territory of Alaska approved May 1, 1913 (Laws 1913, c. 52), was entitled "An act to establish a system of taxation, create revenue, and provide for collection thereof for the territory of Alaska, and for other purposes." Section 1 provided:

"That any * * * corporation * * * prosecuting or attempting to prosecute any of the following lines of business * * * shall first apply for and obtain a license so to do from the District Court * * * in said territory, and pay for said license for the respective lines of business and trades, as follows, to wit: Fisheries: Salmon canneries, seven cents per case on sockeye and king salmon; one-half cent a case on hump-back, cohoe, or chum salmon."

Many other license charges were fixed by this act which it is unnecessary to refer to, because they are immaterial to the case under consideration.

On April 29, 1915, the Legislature passed an act (Laws 1915, c. 76) to establish a system of taxation, create revenue, and provide for collection thereof, for the territory of Alaska, and for other purposes, and to amend an act entitled "An act to establish a system of taxation, create revenue, and provide for collection thereof for the territory of Alaska, and for other purposes," approved May 1, 1913. This last referred to act provided that application must be made for license to carry on certain designated lines of business. Section 2. License taxes for the business of carrying on a fishery as provided for in the sixth subdivision of section 1 of the act were, for salmon canneries, four cents per case on king and reds or sockeye; two cents per case on medium reds; one cent per case on all others: and by subdivision 7, for salteries license should be 2½ cents per 100 pounds on all fish salted or mild cured, except herring; and on fish traps there should

be paid $100 per annum for fixed or floating traps; and for gill nets, $1 per 100 fathoms or fraction thereof.

If the plaintiff in error has to pay the tax required by the act of 1913, for the years 1913 and 1914 the sum of $4,643.60 will be paid upon salmon packed in those years, and for the year 1915 it would have to pay for salmon packed, $1,158.28, and for gill nets used, $131.75.

Plaintiff in error has paid the license fees imposed by the act of Congress of June 26, 1906, but has declined to apply for or obtain a license from the territory of Alaska as required by the acts of May 1, 1913, and April 29, 1915, basing its refusal to pay upon the ground that, having paid the taxes imposed by the act of Congress, it was not obligated to pay the territory of Alaska upon the same output.

We believe that the act of June 26, 1906, providing for certain license fees and taxes upon the output of fish canneries and regulating the control of the fish industry being subsequent to the act of June 6, 1900 (31 Stat. 321, c. 786), which provided for a tax on the business and trade, was the controlling law in force at the time of the passage of the Organic Law. But we believe that the Legislature was within its authority in passing the act of May 1, 1913, so far as it provided for obtaining a license and for a tax upon the carrying on of the business of a salmon cannery of four cents per case on king and reds or sockeye, and two cents per case on medium reds, and one cent per case on all others. And we also hold that the Legislature of the territory was within its power in passing the act of April 29, 1915, which also dealt with license fees and taxes upon carrying on certain kinds of business, including canneries, gill nets, and fish traps.

In Alaska Pacific Fisheries v. Territory of Alaska (No. 2709) 236 Fed. 52, —— C. C. A. ——, we have considered the principal legal questions here involved, and upon the authority of that case the judgment of the lower court will be affirmed.

So ordered.